IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Terron Gerhard Dizzley, #359480,              )          C/A No. 8:17-213-RBH-JDA
                                              )
                          Petitioner,         )
                                              )
vs.                                           )          **REPORT AND RECOMMENDATION**
                                              )
Leroy Cartledge, Warden,                      )
                                              )
                          Respondent.         )
_____)

     Terron Gerhard Dizzley ("Petitioner"), proceeding pro se, brings this habeas corpus action pursuant to 28 U.S.C. § 2254.  He paid the filing fee.  Petitioner alleges he is a prisoner incarcerated at McCormick Correctional Institution, and he challenges his state conviction and sentence.  The Petition is subject to summary dismissal.

## <u>BACKGROUND</u>

     Petitioner alleges on April 3, 2014, a jury convicted him of murder and possession of a weapon during a violent crime. [Doc. 1.]  He alleges he received a thirty-five year sentence. [*Id.*] He alleges he filed a direct appeal, but eventually his counsel withdrew it on July 16, 2015. [*Id.*] He alleges he filed a post-conviction relief ("PCR") action in state court on September 9, 2015, alleging ineffective assistance of counsel, and it is still pending. [*Id.*]  In this action, he alleges ineffective assistance of state court counsel. [*Id.*] He requests that this Court "reinstate [his] direct appeal." [*Id.*]

     This Court takes judicial notice that on September 9, 2015, Petitioner filed a PCR action in Georgetown County, and it is pending.  *See* Georgetown Cnty. Pub. Index, http://publicindex.sccourts.org/Georgetown/PublicIndex/PISearch.aspx  (enter  "Terron Dizzley" and "search,"  then click "2015CP2200845," and click "Actions") (last visited Feb.

27, 2017); *see also Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) DSC, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the district court.  This Court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2012).

As a pro se litigant, Petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys.  *See Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) (per curiam).  However, even under this less stringent standard, the Petition is subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## DISCUSSION

This petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 should be dismissed because Petitioner has not yet exhausted his state court remedies.  With respect to his conviction and sentence, Petitioner may seek a writ of habeas corpus under 28 U.S.C. § 2254 only after he has exhausted his state court remedies.  *See* 28 U.S.C.

§ 2254(b); *Woodford v. Ngo*, 548 U.S. 81, 92 (2006) (noting that a "state prisoner is generally barred from obtaining federal habeas relief unless the prisoner has properly presented his or her claims through one 'complete round of the State's established appellate review process'").

To exhaust state court remedies in South Carolina, a direct appeal may be pursued. *See State v. Northcutt*, 641 S.E.2d 873 (S.C. 2007). If a direct appeal was filed and is ultimately unsuccessful (or if no direct appeal was filed), a petitioner may file an application for PCR in a court of common pleas. *See* S.C. Code Ann § 17-27-10 *et seq.* (1976); *see also Miller v. Harvey*, 566 F.2d 879, 880-81 (4th Cir. 1977) (noting that South Carolina's Uniform Post-Conviction Procedure Act is a viable state court remedy). If a South Carolina prisoner's PCR application is denied or dismissed by a court of common pleas, a petitioner can file a request for writ of certiorari with a South Carolina appellate court. *See* S.C. Code Ann § 17-27-100 (1976); *Knight v. State*, 325 S.E.2d 535 (S.C. 1985). In fact, if a petitioner's PCR application is denied by a court of common pleas, the petitioner must seek appellate review in the state courts or federal collateral review of the grounds raised in his PCR application may be barred by a procedural default. *See Longworth v. Ozmint*, 377 F.3d 437, 447–48 (4th Cir. 2004) (finding that exhaustion requires state prisoners to complete at least one complete round of the state's established appellate review process by presenting the ground for relief in a face-up and square fashion).

In this case, because it appears that Petitioner's state PCR action is pending, Petitioner has filed this action prematurely. The United States District Court for the District of South Carolina should not keep this case on its docket while Petitioner is exhausting his

state remedies.[*] *See Galloway v. Stephenson*, 510 F. Supp. 840, 846 (M.D.N.C. 1981) ("When state court remedies have not been exhausted, absent special circumstances, a federal habeas court may not retain the case on its docket, pending exhaustion, but should dismiss the petition.").

## <u>RECOMMENDATION</u>

Accordingly, it is recommended that this action be dismissed without prejudice and without requiring the Respondent to file an answer or return. **Petitioner's attention is directed to the important notice on the next page.**

February 27, 2017                                   S/Jacquelyn D. Austin
Greenville, South Carolina                          United States Magistrate Judge

---

[*]There are specific time limitations for filing a habeas action in this federal court pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d).

4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).