UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Terron Gerhard Dizzley, | ) | Civil Action No.: 8:17-cv-00213-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Leroy Cartledge, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner Terron Gerhard Dizzley, a state prisoner proceeding pro se, initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* ECF No. 1. The matter is now before the Court for review of the Report and Recommendation (R & R) of United States Magistrate Judge Jacquelyn D. Austin.[1] *See* R & R [ECF No. 10]. The Magistrate Judge recommends summarily dismissing Petitioner's § 2254 petition without prejudice and without requiring Respondent to file an answer or return. R & R at 1, 4. Petitioner has filed objections to the R & R. *See* Pet.'s Objs. [ECF No. 15].

**Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

---

[1] This matter was automatically referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c) for the District of South Carolina.

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983).

### **Discussion**[2]

Petitioner raises a single ground for habeas relief in his § 2254 petition, alleging his appellate counsel was ineffective for withdrawing his direct appeal. ECF No. 1 at 5. The Magistrate Judge recommends summarily dismissing Petitioner's § 2254 petition without prejudice because he has not yet exhausted his state remedies.[3] R & R at 2.

In his objections, Petitioner acknowledges he "may seek a writ of habeas corpus under 28 U.S.C. § 2254 only after he has exhausted his state court remedies," but he contends "special circumstances . . . exist in this case" that allow him to bypass the exhaustion requirement. Pet.'s Objs. at 1-3. Specifically, Petitioner appears to argue that he should be able to proceed with this § 2254

---

[2] The R & R thoroughly summarizes the background of this case, with applicable dates and citations to the record. *See* R & R at 1-3.

[3] The Magistrate Judge's R & R sets forth the correct law pertaining to the exhaustion requirements of 28 U.S.C. § 2254, and the Court adopts and incorporates that law by reference without repeating it here. *See* R & R at 2–3.

2

proceeding because his appellate counsel withdrew his direct appeal,[4] an action that Petitioner claims was a "defect inconsistent with rudimentary demands of fair procedure or a fundamental miscarriage of justice."[5] *Id.*

The Court agrees with the Magistrate Judge that Petitioner's § 2254 petition must be summarily dismissed. A state prisoner seeking relief under 28 U.S.C. § 2254 "must exhaust his remedies in state court" and must "give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 845 (1999) (emphasis added); *see* 28 U.S.C. § 2254(b) (exhaustion requirement). As the Magistrate Judge notes, Petitioner's state post-conviction relief ("PCR") action is still pending.[6] Although Petitioner alleges his appellate counsel was ineffective for withdrawing his direct appeal, he has not yet exhausted

---

[4] Petitioner attached to his objections a copy of a letter from his appellate counsel, Jeremy A. Thompson, dated May 15, 2015. *See* ECF No. 15-1. In this letter, Mr. Thompson states that he was retained to represent Petitioner in his direct appeal before the South Carolina Court of Appeals, and that he would review Petitioner's trial transcript and write an opinion letter after which Petitioner would have to decide whether to pursue the direct appeal or abandon it and pursue PCR relief. *Id.* at 2. Mr. Thompson explains he had "been retained to handle either action, depending on [Petitioner's] choice." *Id.*
   Additionally, the Court has reviewed the records of the South Carolina Court of Appeals. Those records indicate Mr. Thompson filed a motion to withdraw Petitioner's direct appeal, along with an affidavit signed by Petitioner indicating Petitioner's consent to withdrawing the appeal and having it dismissed with prejudice. The South Carolina Court of Appeals granted the motion and dismissed the appeal on July 16, 2015. *See Dizzley v. State*, No. 2014-001339, *docket available at* http://ctrack.sccourts.org/public/caseView.do?csIID=57006 (last visited May 23, 2017). *See generally Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("[F]ederal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.").

[5] Additionally, Petitioner filed a document entitled "Amendment to the Habeas Corpus," whereby he seeks to amend the allegation of ineffective assistance of appellate counsel in his § 2254 petition. *See* ECF No. 16. Because the Court finds Petitioner has failed to exhaust his state remedies, the Court notes amendment would be futile. *See United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000) ("Under Rule 15(a) leave to amend shall be given freely, absent bad faith, undue prejudice to the opposing party, ***or futility of amendment***." (emphasis added)); *see generally Mayle v. Felix*, 545 U.S. 644, 654–55 (2005) (recognizing Rule 15(a) is applicable to § 2254 petitions).

[6] *See Dizzley v. State of South Carolina*, *available at* http://publicindex.sccourts.org/Georgetown/PublicIndex/PISearch.aspx (last visited May 23, 2017). The records from Petitioner's state PCR action show that the PCR court relieved Mr. Thompson as counsel and appointed him new counsel (James K. Falk). On May 4, 2017, Petitioner filed an amended PCR application alleging ineffective assistance of appellate counsel by Mr. Thompson.

3

his state PCR remedies on this or any other claim. Thus, the instant § 2254 petition is premature and subject to summary dismissal. Accordingly, the Court overrules Petitioner's objections and will dismiss his § 2254 petition without prejudice for failure to exhaust state remedies.

### Certificate of Appealability

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating reasonable jurists would find the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. In this case, the Court concludes Petitioner has not made the requisite showing of "the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

### Conclusion

Based upon the foregoing, the Court overrules Petitioner's objections and adopts and incorporates by reference the R & R [ECF No. 10]. Accordingly, the Court **DISMISSES** Petitioner's § 2254 petition *without prejudice* and without requiring Respondent to file an answer or return. The Court **DENIES** a certificate of appealability because Petitioner has not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

Florence, South Carolina  s/ R. Bryan Harwell
May 26, 2017  R. Bryan Harwell
  United States District Judge